**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.,** | |
| *Plaintiffs*, | **Civil Action No. _____** |
| v. | **JURY TRIAL DEMANDED** |
| **PERSONALIZED MEDIA COMMUNICATIONS, LLC,** | |
| *Defendant*. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. allege as follows for their Complaint for Declaratory Judgment against Defendant Personalized Media Communications, LLC ("PMC").

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability under the patent laws of the United States, Title 35, United States Code, and the Federal Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202.

## THE PARTIES

2.     LG Electronics, Inc. ("LGE") is a corporation organized and existing under the laws of South Korea, with a principal executive office at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.  LG Electronics U.S.A., Inc. ("LGEUS") is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LG Electronics Mobilecomm U.S.A., Inc. ("LGEMU") a California corporation with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New

Jersey 07632.  LGE, LGEUS, and LGEMU are collectively referred herein as "LG."

3.      On information and belief, Personalized Media Communications, LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business located at 14090 Southwest Freeway, Suite 450, Sugar Land, Texas 77478.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over these claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and 28 U.S.C. §§ 1331 and 1338.

5.      On or about November 8, 2012, LG received a letter from PMC stating that "LG requires a license to" U.S. Patent Nos. 7,747,217; 7,752,649; 7,752,650; 7,764,685; 7,769,344; 7,783,252; and 7,856,649 ("the Patents-At-Issue").  PMC's letter further emphasized "the relevancy" of the Patents-At-Issue to LG's products.  PMC clearly implied its belief that without a license from PMC, LG would be infringing the Patents-At-Issue.

6.      In the three years since then, LG has engaged in protracted efforts to resolve this matter without resort to litigation.  These efforts included in-person meetings and various discussions on June 17, 2013; November 4-5, 2013; April 25, 2014; November 20, 2014; May 28, 2015; and October 14, 2015.  PMC has sought licensing royalties on LG's home entertainment products (*e.g.*, TVs) and mobile communications products (*e.g.*, smartphones).  In response, LG advised PMC of its belief that it did not infringe any valid, enforceable claims of the Patents-At-Issue.  However, PMC has continued to allege infringement and sought to extract royalties. Thus, and in view of PMC's history of litigation, LG has a reasonable and imminent apprehension of suit.

7.      There is an actual or imminent injury caused by PMC that can be redressed by

judicial relief and that is of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.

8.      There exists an actual and justiciable controversy between LG and PMC

regarding the alleged infringement, validity, and enforceability of the Patents-At-Issue.

9.      This Court has personal jurisdiction over PMC as consistent with due process and

under Delaware's long-arm statute, 10 Del. C. § 3104(c).

10.      The Patents-At-Issue are from the same family as, and thus closely related to, the

fifteen patents asserted in prior cases filed voluntarily by PMC in Delaware.  *See Pegasus

Development Corporation and Personalized Media Communications, LLC v. DirectTV, Inc., et

al.*, Civil Action No. 00-1020-GMS ("the DirectTV Action"); *Personalized Media

Communications, LLC v. Amazon.com, Inc., et al.*, Civil Action No. 1:13-cv-1608-RGA ("the

Amazon Action").

11.      PMC filed the DirectTV Action on December 4, 2000 alleging infringement of

seven patents by four corporations.  On information and belief, PMC at the time of the DirectTV

Action was a Delaware entity and remained so until 2010.  Further, on information and belief,

PMC continued to claim that it was a Delaware entity as late as October 2012.

12.      PMC filed the Amazon Action on September 23, 2013 alleging infringement of

nine patents by Amazon.

13.      In the Amazon Action, PMC described its Delaware activities as "longstanding"

and "extensive."  Amazon Action, D.I. 24 at 2.

14.      Each of the Patents-At-Issue and patents asserted in the DirectTV and Amazon

Actions claim priority to the same U.S. Patent Application No. 06/317,510 filed on November 3,

1981 and to same continuation-in-part U.S. Patent Application No. 07/096,096 filed on

September 11, 1987.

15.     On information and belief, PMC's sole business is to monetize and litigate patents from the same patent family as the Patents-At-Issue.

16.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400, as well as by LG's choice of forum, and the interest of justice under 28 U.S.C. § 1404(a) because this venue is the most convenient, efficient and economical venue for the parties.  Among other things, LGEUS is a Delaware corporation.

17.     In the Amazon Action, Amazon sought to transfer that case to the Western District of Washington.  *See* Amazon Action, D.I. 17.  In its opposition filed with this Court (Amazon Action, D.I. 24), PMC argued that the case should not be transferred and that Delaware was the more appropriate venue because, *inter alia*, Delaware was a convenient forum due to the proximity of the following "key witnesses" to this venue:

a.     John C. Harvey, PMC's chairman and first-named inventor on each of the PMC patents, lives in New York City;

b.     Kazie Metzger, PMC's Chief Executive Officer who has led PMC's licensing program since 1994, resides in New York City;

c.     James W. Cuddihy, a non-party and another named inventor of the PMC patents, also lives in New York City; and

d.     Thomas Scott, Jr., another non-party and the prosecuting attorney for the PMC patents resides in Great Falls, VA and works in Washington D.C.

*See* Amazon Action, D.I. 24 at 2-3.

18.     PMC also argued to this Court that a prior Delaware suit afforded this Court a degree of familiarity with the facts and the patents, thus providing significant benefits by allowing the case to proceed in Delaware:

In view of the fact that the nine patents in this litigation descend as continuations-in-part from PMC patents asserted in the Previous Case, this District's prior understanding and analysis of the related PMC patents is likely

to aid this Court in ruling on Defendants' anticipated prosecution laches summary judgment motion and in claim construction. Thus, as a matter of judicial economy and consistency, this Court should hold that this District's prior work with related PMC patents provides additional weight against transfer.

Amazon Action, D.I. 24 at 20.  The same logic applies in the instant case because the Patents-At-Issue "descend as continuations-in-part from PMC patents asserted in the Previous Case" just as the nine patents in the Amazon Action.

19.     In the Amazon Action, PMC also argued:

[The Delaware] Court's familiarity with patent infringement cases cannot be overlooked. This District oversees hundreds of patent infringement cases annually and has experience with not only substantive patent law but also procedural nuances that arise in patent cases. Indeed, this Court has published forms for its litigants that are patent-specific (*i.e.* Rule 16 Scheduling Order and Sample *Voir Dire*). There is no question that the Court's familiarity with patent infringement cases will serve to streamline this case, resulting in an expeditious and efficient trial.

Amazon Action, D.I. 24 at 17-18.  These arguments apply with equal force to the instant case.

20.     PMC's assertions, upon which this Court relied in denying Amazon's motion to transfer (Amazon Action, D.I. 40), judicially estop PMC from denying venue is proper.

21.     Further, the present dispute involves a patent also asserted in the Amazon Action: U.S. Patent No. 7,783,252 ("the '252 Patent").  In the Amazon Action over which Judge Richard G. Andrews presided, Amazon filed a motion for judgment on the pleadings that the '252 Patent, among other PMC patents, was invalid under 35 U.S.C. § 101.  *See* Amazon Action, D.I. 86; 87 at 1, 16-18.  After briefing and oral argument, Judge Andrews ruled that the '252 Patent claims ineligible subject matter under 35 U.S.C. § 101 and is thus invalid.

22.     Even after Judge Andrews's order invalidating the '252 Patent, PMC has continued to threaten and seek royalties from LG on the '252 Patent.  In doing so, PMC has insisted to LG that Judge Andrews's order was wrong and that PMC will overcome that decision

on appeal at the United States Court of Appeals for the Federal Circuit.  PMC filed a notice of

appeal to the Federal Circuit on September 9, 2015 and the appeal was docketed on September

10, 2015.  *See* Amazon Action, D.I. 153; 154.

23.     Thus, despite Judge Andrews's invalidity ruling on the '252 Patent, PMC's

representations to LG and related actions establish the existence of a case or controversy between

LG and PMC as to the '252 Patent and LG is under reasonable and imminent threat of suit.

24.     At least because of ruling on the '252 Patent in the Amazon Action, this Court is

already familiar with PMC, the facts pertaining with at least one of the Patents-At-Issue, and

other patents related to the '252 Patent.  Thus, as a matter of judicial economy and consistency,

venue in this District is proper.

<u>**COUNT ONE**</u>

**(Declaratory Judgment of Non-Infringement and Invalidity of the '217 Patent)**

25.     LG hereby restates and realleges its allegations set forth in paragraphs 1-24 and

incorporate them by reference.

26.     On information and belief, PMC is the owner by assignment of U.S. Patent No.

7,747,217 ("the '217 Patent"), entitled "Signal Processing Apparatus and Methods" and issued

on June 29, 2010.  A copy of the '217 Patent is attached hereto as Exhibit A.

27.     LG has not infringed and does not infringe, either directly or indirectly,

contributorily or otherwise, any of the claims of the '217 Patent.

28.     LG cannot be liable for infringement of the '217 Patent because the claims are

invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the

patent is unenforceable.

## COUNT TWO

**(Declaratory Judgment of Non-Infringement and Invalidity of the '2,649 Patent)**

29.     LG hereby restates and realleges its allegations set forth in paragraphs 1-28 and incorporate them by reference.

30.     On information and belief, PMC is the owner by assignment of U.S. Patent No. 7,752,649 ("the '2,649 Patent"), entitled "Signal Processing Apparatus and Methods" and issued on July 6, 2010.  A copy of the '2,649 Patent is attached hereto as Exhibit B.

31.     LG has not infringed and does not infringe, either directly or indirectly, contributorily or otherwise, any of the claims of the '2,649 Patent.

32.     LG cannot be liable for infringement of the '2,649 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the patent is unenforceable.

## COUNT THREE

**(Declaratory Judgment of Non-Infringement and Invalidity of the '650 Patent)**

33.     LG hereby restates and realleges its allegations set forth in paragraphs 1-32 and incorporate them by reference.

34.     On information and belief, PMC is the owner by assignment of U.S. Patent No. 7,752,650 ("the '650 Patent"), entitled "Signal Processing Apparatus and Methods" and issued on July 6, 2010.  A copy of the '650 Patent is attached hereto as Exhibit C.

35.     LG has not infringed and does not infringe, either directly or indirectly, contributorily or otherwise, any of the claims of the '650 Patent.

36.     LG cannot be liable for infringement of the '650 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the patent is unenforceable.

## COUNT FOUR

**(Declaratory Judgment of Non-Infringement and Invalidity of the '685 Patent)**

37.     LG hereby restates and realleges its allegations set forth in paragraphs 1-36 and incorporate them by reference.

38.     On information and belief, PMC is the owner by assignment of U.S. Patent No. 7,764,685 ("the '685 Patent"), entitled "Signal Processing Apparatus and Methods" and issued on July 27, 2010.  A copy of the '685 Patent is attached hereto as Exhibit D.

39.     LG has not infringed and does not infringe, either directly or indirectly, contributorily or otherwise, any of the claims of the '685 Patent.

40.     LG cannot be liable for infringement of the '685 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the patent is unenforceable.

## COUNT FIVE

**(Declaratory Judgment of Non-Infringement and Invalidity of the '344 Patent)**

41.     LG hereby restates and realleges its allegations set forth in paragraphs 1-40 and incorporate them by reference.

42.     On information and belief, PMC is the owner by assignment of U.S. Patent No. 7,769,344 ("the '344 Patent"), entitled "Signal Processing Apparatus and Methods" and issued on August 3, 2010.  A copy of the '344 Patent is attached hereto as Exhibit E.

43.     LG has not infringed and does not infringe, either directly or indirectly, contributorily or otherwise, any of the claims of the '344 Patent.

44.     LG cannot be liable for infringement of the '344 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the patent is unenforceable.

8

## COUNT SIX

### (Declaratory Judgment of Non-Infringement and Invalidity of the '252 Patent)

45.     LG hereby restates and realleges its allegations set forth in paragraphs 1-44 and incorporate them by reference.

46.     On information and belief, PMC is the owner by assignment of U.S. Patent No. 7,783,252 ("the '252 Patent"), entitled "Signal Processing Apparatus and Methods" and issued on August 24, 2010.  A copy of the '252 Patent is attached hereto as Exhibit F.

47.     LG has not infringed and does not infringe, either directly or indirectly, contributorily or otherwise, any of the claims of the '252 Patent.

48.     LG cannot be liable for infringement of the '252 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the patent is unenforceable.

## COUNT SEVEN

### (Declaratory Judgment of Non-Infringement and Invalidity of the '6,649 Patent)

49.     LG hereby restates and realleges its allegations set forth in paragraphs 1-48 and incorporate them by reference.

50.     On information and belief, PMC is the owner by assignment of U.S. Patent No. 7,856,649 ("the '6,649 Patent"), entitled "Signal Processing Apparatus and Methods" and issued on December 21, 2010.  A copy of the '6,649 Patent is attached hereto as Exhibit G.

51.     LG has not infringed and does not infringe, either directly or indirectly, contributorily or otherwise, any of the claims of the '6,649 Patent.

52.     LG cannot be liable for infringement of the '6,649 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the patent is unenforceable.

## COUNT EIGHT

**(Declaratory Judgment of Unenforceability of the Patents-At-Issue)**

53.     LG hereby restates and realleges its allegations set forth in paragraphs 1-52 and

incorporate them by reference.

54.     The Patents-At-Issue are unenforceable at least under the doctrine of prosecution

laches.  PMC willfully and intentionally postponed obtaining its patent rights by causing

unreasonable and unexplained delays during the prosecution of the Patents-At-Issue before the

United States Patent and Trademark Office ("USPTO").

55.     In 1981, the named inventors of the Patents-At-Issue caused to be filed U.S.

Patent Application No. 06/317,510 ("the '510 Application").  The '510 Application consisted of

a 43-page specification.

56.     In 1987, the names inventors of the Patents-At-Issue caused to be filed

continuation-in-part U.S. Patent Application No. 07/096,096 ("the CIP Application"), which

claimed the benefit of priority to the '510 Application under 35 U.S.C. § 120.  The CIP

Application consisted of a new 557-page specification, which entirely replaced the original

specification.  The CIP Application added, *inter alia*, previously undisclosed subject matter that

constitutes new matter under 37 C.F.R. § 1.121.

57.     The GATT changes to the U.S. Patent laws became effective on June 8, 1995.

58.     On information and belief, in the weeks leading up to the June 8, 1995 date, PMC

filed over 300 continuation applications, each of which had the identical specification as the CIP

Application, and each of which claimed the benefit of priority under 35 U.S.C. § 120 to both the

CIP Application (1987) and the '510 Application (1981).

59.     Each of the Patents-At-Issue was filed in either May or June of 1995, prior to the

June 8, 1995 date.

60.    On information and belief, PMC's filings were intended to maximize the chances of extending prosecution in a manner that would result in the ability to exploit the pre-GATT 17-year-from-issue expiration term (as opposed to the 20-year term from earliest priority date that went into effect on June 8, 1995).

61.    On information and belief, PMC overwhelmed the USPTO with a vague and convoluted specification, thousands of submitted prior-art references, inconsistent definitions of claim terms (many of which never appear in the specification), and tens of thousands of overlapping claim sets.

62.    In as early as 1997, the USPTO estimated that PMC had submitted between 10,000 and 20,000 claims.

63.    By overwhelming the USPTO and causing truly extraordinary delays in the prosecution of hundreds of pre-GATT applications, PMC was able to lie in wait for decades as new technologies and industries were developed by others, and to then draft vaguely-worded claims that it now argues cover these later-developed technologies.

64.    On information and belief, PMC has obtained numerous patents with overlapping claims in its effort to exploit the pre-GATT 17-year-from-issue expiration term, currently securing approximately 50 years of patent protection.

65.    On information and belief, PMC was fully cognizant of the fact that the delays in prosecution of the Patents-At-Issue was "unique in that the newly issued patents (all of which were filed prior to June 7, 1995) have priority dates of either 1981 or 1987."

66.    On information and belief, PMC has improperly exploited the patent system to the public's detriment by overwhelming the USPTO and causing it to delay issuance of hundreds of pre-GATT applications.

67.     On information and belief, PMC intentionally delayed the filing and prosecution of the Patents-At-Issue for the purpose of improperly extending PMC's patent monopoly, as well as to provide PMC with an opportunity to expand the scope of its patents to cover both entire technologies and technological advances in existing fields made by others.  In addition, PMC engaged in culpable neglect during the prosecution of the applications for the Patents-At-Issue.

68.     On information and belief, PMC was cognizant of the adverse effect its delays in prosecution had on businesses that were unable to determine what was patented from what was not patented.

69.     PMC's actions have prejudiced LG.  During the extended time span encompassed by PMC's delays, LG invented, invested in, researched, developed, and/or used one or more of the products or services that PMC alleges are encompassed by the asserted claims of the Patents-At-Issue.  PMC has taken affirmative actions to exploit the delays to the detriment of LG.

70.     PMC's delays have also harmed the public by postponing the public's right to use the subject matter disclosed and claimed in the Patents-At-Issue, which subject matter was invented by others and/or otherwise within the public domain.

## DEMAND FOR TRIAL BY JURY

LG hereby demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE LG respectfully requests the entry of judgment in its favor and against PMC as follows:

a)      Declaring that LG has not, and does not, infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the Patents-At-Issue;

b)      Declaring that the claims of the Patents-At-Issue are invalid for failure to comply

with one or more of the conditions of patentability set forth in 35 U.S.C. § 100 *et seq.*;

      c)      Declaring that the Patents-At-Issue are unenforceable for prosecution laches;

      d)      Enjoining PMC, including

            i)    any parent, subsidiary, predecessor-in-interest, and/or successor-in-interest;

            ii)   its agents, representatives and attorneys; and

            iii)  those individuals and/or entities in active concert, participation and/or privy with PMC;

from asserting the Patents-at-Issue against LG, its subsidiaries, customers, and users with respect to LG's products, services, and/or activities;

      e)      Declaring that this action is exceptional under 35 U.S.C. § 285, and that LG is entitled to recover its reasonable attorney fees, expenses, and costs incurred in connection with this action; and

      f)      Awarding LG any other relief to which the Court deems LG is entitled under the totality of the circumstances.

Dated: November 26, 2015         Respectfully submitted,

                             **FISH & RICHARDSON P.C.**

                             */s/ Jeremy D. Anderson*

                             Jeremy D. Anderson (No. 4515)
                             222 Delaware Ave., 17th Floor
                             Wilmington, DE 19801
                             (302) 652-5070 (Telephone)
                             (302) 652-0607 (Facsimile)
                             janderson@fr.com

                             Michael J. McKeon
                             Christian A. Chu
                             Wasif H. Qureshi
                             1425 K Street, NW, 11th Floor

Washington, DC 20005
(202) 783-5070 (Telephone)
(202) 783-2331 (Facsimile)
mckeon@fr.com
chu@fr.com
qureshi@fr.com

**COUNSEL FOR PLAINTIFFS**
**LG ELECTRONICS, INC., LG ELECTRONICS U.S.A.,**
**INC., AND LG ELECTRONICS MOBILECOMM U.S.A.,**
**INC.**